IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, CENTRAL ILLINOIS LABORERS-EMPLOYERS COOPERATION & EDUCATION TRUST, NORTH CENTRAL ILLINOIS LABORERS-EMPLOYERS COOPERATION & EDUCATION TRUST, NORTH CENTRAL ILLINOIS LABORERS HEALTH & WELFARE FUND, SOUTHERN & CENTRAL ILLINOIS LABORERS' VACATION FUND, MIDWEST REGION ORGANIZING COMMITTEE, NORTHERN ILLINOIS LABORERS WELFARE FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, TRI-COUNTY CONSTRUCTION, WEST CENTRAL BUILDING TRADES, CENTRAL ILLINOIS WORKING DUES, NORTH CENTRAL LABORERS' POLITICAL LEAGUE, CENTRAL ILLINOIS LEGAL FUND, ILLINOIS LABORERS' LEGISLATIVE COMMITTEE, AND SUBSTANCE ABUSE TESTING FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| F & W LAWN CARE & LANDSCAPING, INC. | ) ) ) |
| Defendant. | ) |

**COMPLAINT**

The Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, by their attorneys,

CAVANAGH & O'HARA LLP, complain of the Defendant, F & W LAWN CARE &

LANDSCAPING, INC. alleging as follows:

# COUNT I
# DELINQUENT CONTRIBUTIONS

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Plaintiffs Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Supplementary Pension Fund, and Central Laborers' Annuity Fund are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time.

3. The Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Supplementary Pension Fund, and Central Laborers' Annuity Fund receive contributions from numerous employers, and therefore, are multiemployer plans. (*See* 29 U.S.C. §1002).

4. A copy of the pertinent provisions of the trust agreement for Plaintiffs Central Laborers' Pension Fund is attached hereto as Exhibit "A", and fully incorporated herein and made a part hereof by this reference.

5. The Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized to act on behalf of the other named Plaintiffs, which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these Plaintiffs.

6. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

7. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

8. Plaintiff Central Laborers' Pension Fund's plan is administered in Morgan County, Illinois at the address of is 201 N. Main Street, Jacksonville, Illinois 62651, which is located within the venue of the District Court for the Central District of Illinois.

9. F & W LAWN CARE & LANDSCAPING, INC. is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

10. The business address for Defendant is Bloomington, IL.

11. Defendant employs individuals who are members of, and represented by, the Laborers' Local Union Nos. 477, 159, and 703.

12. Defendant employs individuals who are participants in the employee benefit funds administered by Plaintiff Central Laborers' Pension Fund and other named Plaintiff trust funds pursuant to a collective bargaining agreement to which Defendant is a party or otherwise bound.

13. A copy of the collective bargaining agreement is attached hereto as Exhibit "B", and fully incorporated herein and made a part hereof by this reference.

14. The collective bargaining agreement binds Defendant to the provisions of the Plaintiffs' respective trust agreements.

15. Pursuant to the collective bargaining agreement and the trust agreements, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the collective bargaining agreements to Plaintiffs.

16. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiffs in accordance with the terms and conditions of Plaintiffs' trust agreements. (*See* 29 U.S.C. §1145).

17. Pursuant to the Plaintiff's trust agreement, Plaintiff is authorized and empowered to examine the payroll books and records of the Defendant in order to determine whether an employer is making full and proper payment as required under the applicable agreements.

18. Pursuant to said trust agreement, Plaintiff engaged Romolo & Associates to examine the payroll records of the Defendant.

19. The payroll examination showed that Defendant owes Plaintiffs $21,668.08 for the time from April 1, 2011 through March 31, 2014. A copy of the audit report and breakdown of amounts owed is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

20. Pursuant to Plaintiffs' trust agreements, the Defendant owes Plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely.

21. Defendant owes Plaintiffs liquidated damages of $2,166.81 for failure to timely remit the contributions shown due in the audit report.

22. Pursuant to Plaintiffs' trust agreement, Defendant owes Plaintiffs audit costs in the amount of $1,384.10.

23. Romolo & Associates conducted a follow-up payroll examination which showed that Defendant owes Plaintiffs $15,890.62 for the time from April 1, 2014 through March 31, 2017. A copy of the audit report and breakdown of amounts owed is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

24. Pursuant to Plaintiffs' trust agreements, the Defendant owes Plaintiffs liquidated damages equal to 10% of the amount of contributions that are not paid timely.

25. Defendant owes Plaintiffs liquidated damages of $1,589.06 for failure to timely remit the contributions shown due in the audit report.

26. Pursuant to Plaintiffs' trust agreement, Defendant owes Plaintiffs audit costs in the amount of $1,919.50.

27. Plaintiffs have made demands upon Defendant for the contributions, liquidated damages, and audit costs but Defendant has failed to satisfy said demands.

28. Pursuant to the terms of Plaintiff's trust agreement and ERISA, 29 U.S.C. §132(g)(2), the Defendant is liable for reasonable attorneys' fees and costs incurred in the collection process, including, but not limited to, court fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*   \*   \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of

>> 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, and against F & W LAWN CARE & LANDSCAPING, INC. in the amount of $21,668.08 of contributions, $2,166.81 of liquidated damages, and $1,384.10 of audit costs for the time period from April 1, 2011 through March 31, 2014.

B. That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, and against F & W LAWN CARE & LANDSCAPING, INC. in the amount of $15,890.62 of contributions, $1,589.06 of liquidated damages, and $1,919.50 of audit costs for the time from April 1, 2014 through March 31, 2017 and any other amounts found to be due up to the time of judgment.

C. That F & W LAWN CARE & LANDSCAPING, INC. is ordered to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2)).

  D. That F & W LAWN CARE & LANDSCAPING, INC. is ordered to pay to the Plaintiffs all of Plaintiffs' costs attendant to these proceedings.

  E. That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

        Respectfully submitted,
        CENTRAL LABORERS' PENSION FUND
        *et al*, Plaintiff,

        By: s/ Jacob A. Blickhan
          JACOB A. BLICKHAN
          Cavanagh & O'Hara LLP
          Attorneys for Plaintiffs
          2319 West Jefferson Street
          Springfield, IL 62702
          Telephone: (217) 544-1771
          Facsimile: (217) 544-9894
          jacobblickhan@cavanagh-ohara.com